IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA        ) | CR No.:  3:09-502-JFA |
| ) | |
| v.                              ) | ORDER |
| ) | |
| KIJAFA TAVARUS SEIBLES          ) | |
| ) | |
| _____  ) | |

  This matter is before the court upon motion of the defendant for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to the Fair Sentencing Act (FSA), Amendment 750 to the U.S. Sentencing Guidelines, and the recent Supreme Court decision in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012). For the reasons which follow, the motion is denied.

  The defendant entered into a written plea agreement and, on February 18, 2010, pled guilty to a lesser included charge in Count 1 of the Superseding Indictment which charged conspiracy to possess with intent to distribute and distribute 5 grams or more of cocaine base *and* 500 grams or more of cocaine. The defendant originally faced a mandatory minimum sentence of 20 years under Count 1 based on his prior felony drug conviction as outlined in the information filed pursuant to 28 U.S.C. Section 851. However, in exchange for the defendant's cooperation, the government agreed to dismiss the remaining charges and allow the defendant to plead guilty to the lesser included conspiracy charge which reduced the statutory mandatory minimum sentence from 20 years to 10 years.

1

The Presentence Report (PSR) calculated the defendant's total offense level at 23 and his criminal history category was III. As a result of the statutory mandatory minimum sentence, the defendant's resulting guideline range became 120 months. Without the statutory mandatory minimum, the defendant's guideline range would have been 57 to 71 months imprisonment. Under U.S.S.G. § 5G1.1(b), if a proposed guideline sentence is less than the mandatory minimum sentence, then the statute trumps the guidelines and the statutory sentence must be applied. The court sentenced the defendant on March 2, 2011 to 120 months imprisonment. The defendant did not file a direct appeal of his conviction or sentence.

As the government notes in its brief in opposition to the defendant's motion, even though the defendant was sentenced after the August 3, 2010 enactment of the FSA, his statutory mandatory minimum sentence remains the same because the statutory mandatory minimum penalty for 500 grams or more of cocaine was unaffected by the FSA. The FSA only applies to cocaine base or crack thresholds, not cocaine. Here, the defendant was convicted of both crack *and* cocaine. The conviction for 500 grams or more of cocaine still produces the same statutory mandatory minimum of 10 years based upon the defendant's prior felony drug conviction. Thus, the defendant's ultimate statutory mandatory minimum remains the same even applying the FSA as is required under *Dorsey*.

For the foregoing reasons, the defendant's motion to reduce his sentence (ECF No. 1153) is denied.

IT IS SO ORDERED.

January 8, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3